UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHERYL KOCH, | ) |
| | ) Case No.: |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| BOB EVANS RESTAURANTS, LLC, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Defendant, Bob Evans Restaurants, LLC ("Defendant"), by counsel and pursuant to 28 U.S.C. §§ 1441 & 1446, et seq., hereby respectfully provides its Notice of Removal of this action from the Allen Superior Court (Indiana), to the United States District Court for the Northern District of Indiana, Fort Wayne Division, and, in support thereof, state as follows:

1. Plaintiff, Cheryl Koch ("Plaintiff"), filed her Complaint and Jury Demand on September 4, 2020, in the Allen Superior (Indiana) Court. Service of the Summons and Complaint was achieved on Defendant on September 8, 2020 and Defendant filed its Answer and Affirmative Defenses to Plaintiff's Complaint and Demand for Trial by Jury on September 24, 2020. The case is docketed there as Cause No. 02D03-2009-CT-000440. A true and accurate copy of the State Court Record is attached hereto as Exhibit A.

2. Plaintiff is a resident and citizen of Indiana.

3. Defendant, Bob Evans Restaurants, LLC has its principal place of business in Ohio. Bob Evans Restaurants Topco, L.P, which is a Delaware limited liability company and has its principal place of business in Ohio, is the sole member of Bob Evans Restaurant, LLC.

4. Plaintiff is seeking compensation for personal injuries she claims was the result of a September 28, 2018 incident in which she claims she slipped and fell at a Bob Evans Restaurant. In her lawsuit, Plaintiff alleges that her injuries from this slip and fall were caused by the negligence of Bob Evans Restaurants, LLC and their agents.

5. Soon after the lawsuit was filed, the undersigned defense counsel contacted the plaintiff's counsel to discuss the case, and defense counsel inquired about Plaintiff's injuries and damages. Plaintiff's counsel stated that his office was just in the process of gathering Plaintiff's medical records and medical bills and therefore he didn't then know of the value of the case. On November 12, 2020, Plaintiff's counsel's office provided undersigned counsel with Plaintiff's medical billing statements that she relates to the subject incident. The amount of the claimed medical expenses was $77,532.88. Before November 12, 2020, Defendants had no knowledge of Plaintiffs' claimed medical expenses or information about her injuries. However, since November 12, 2020 Defendant now believes, in good faith, that Plaintiff is claiming an amount in controversy in excess of $75,000.00, exclusive of interest and costs.

6. Where there is complete diversity of citizenship between the parties and the amount in controversy is in excess of $75,000.00, there is subject matter jurisdiction over this case pursuant to 28 U.S.C.§1332(a).

7. This matter is removable pursuant to 28 U.S.C. §1441(b) where there is complete diversity of citizenship between the parties.

8. That pursuant to 28 U.S.C. §1446 filed herewith and by reference made a part hereof is a true and correct copy of all process, pleadings and orders served upon Defendant in this action.

9. The Notice of Removal was filed within 30 days from November 12, 2020, which is when Defendant first reasonably ascertained the case is one which is removable based on the amount in controversy, and the Notice of Removal was also filed within one year of commencement of the state court action, which was on September 4, 2020.

10. Accordingly, pursuant to 28 U.S.C. § 1332 (a)(1), this Court has original jurisdiction of this action because the amount in controversy is in excess of the sum of $75,000.00, exclusive of interest and costs, and the parties are citizens of different states.  Therefore, removal is appropriate under 28 U.S.C. § 1441(b).

11. Venue is proper in this district because Plaintiff filed her original state court action in Allen County, Indiana.

12. True and accurate copies of the Notice of Removal with accompanying exhibits will be promptly filed with the Clerk of the Allen Superior Court and also served upon all counsel of record in the Allen County case.

13. By filing this Notice of Removal, Defendant does not waive any defenses available to it.

WHEREFORE, Defendant, Bob Evans Restaurants, LLC, by counsel, hereby respectfully provides this notice that this action is removable to this Court from the Allen Superior Court, Indiana, pursuant to 28 U.S.C. § 1441, seek its removal to this Court, and pray for any and all other necessary and proper relief in the premises. Defendant further prays that there be no further proceedings in this action in the Allen Superior Court, Indiana.

Date: December 4, 2020

Respectfully submitted,

**/s/Michael B. Langford**
Michael B. Langford
Attorney No. 18046-53
**Scopelitis, Garvin, Light, Hanson & Feary, P.C.**
10 West Market Street, Suite 1400
Indianapolis, IN 46204
Tel. (317) 637-1777
Fax (317) 687-2414
mlangford@scopelitis.com

Attorney for Defendant,
Bob Evans Restaurants, LLC

4848-0376-0338, v. 1