UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHERYL KOCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:20-CV-445-HAB |
| ) | |
| BOB EVANS RESTAURANTS, LLC, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter demonstrates the complicated task of determining corporate citizenship when limited liability companies and limited partnerships are involved. This slip-and-fall claim was originally filed in the Allen County, Indiana, Superior Court. The state court complaint alleged that Defendant, a limited liability company, was an Ohio corporation. (ECF No. 4) According to the notice of removal, Defendant's principal place of business is in Ohio and it has only one member, a Delaware limited partnership[1] that also has its principal place of business in Ohio. (ECF No. 1). With Plaintiff being an Indiana citizen, Defendant asserted that diversity jurisdiction existed and removed the matter to this Court.

There was a problem with Defendant's attempted removal, identified by the Magistrate in her December 4, 2020, Order. (ECF No. 6). Defendant was correct in identifying its member when discussing Defendant's citizenship; for the purposes of diversity the citizenship of an LLC is the citizenship of its members. *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). However, because Defendant's sole member was a limited partnership, its citizenship could not be determined by merely reciting its place of registration and principal place of business. *Guar. Nat'l*

---

[1] The notice of removal represents that the sole member is a Delaware limited liability company, but the member's suffix, L.P., indicates otherwise.

*Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58 (7th Cir. 1996) ("[A] limited partnership has the citizenships of each partner, general and limited."). Instead, its citizenship needed to be "traced through however many layers of partners and members there may be. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004). Defendant had not taken this additional step and was given until December 21, 2020, to file a supplemental jurisdictional statement that properly averred diversity jurisdiction.

Having obtained an extension of the foregoing deadline, Defendant now moves the Court to remand the case to state court. (ECF No. 9). According to Defendant, "[t]he ownership structure of Defendant Bob Evans Restaurants, LLC is especially complex, and once the entire ownerships of the various members of the LLCs and the partners in the limited partnerships are traced upward, this eventually leads to an extremely large number of investors, whose full identities and citizenships are not fully disclosable for privacy reasons." (*Id*. at 1). Defendant does not explicitly state that there is a lack of complete diversity of citizenship but that is certainly the implication.

Although federal diversity jurisdiction provides a neutral forum for lawsuits between parties from different states, courts interpret such jurisdiction narrowly and require complete diversity of citizenship to invoke it. *Poulos v. Naas Foods, Inc*., 959 F.2d 69, 71 (7th Cir. 1992) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)); *see also* 28 U.S.C. § 1332(a). When a plaintiff files suit in state court but could have invoked the original jurisdiction of the federal courts, the defendant may remove the action to federal court. See 28 U.S.C. § 1441(a). The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court. *Doe v. Allied–Signal, Inc*., 985 F.2d 908, 911 (7th Cir. 1993).

Although the Court wishes Defendant had performed the required analysis of citizenship prior to removing this case, it is clear now that there is, at the very least, a doubt as to diversity that must be resolved in favor of Plaintiff's choice of forum in state court. Accordingly, Defendant's Unopposed Voluntary Motion for Remand to State Court (ECF No. 9) is GRANTED. This case is REMANDED to the Allen County, Indiana, Superior Court.

SO ORDERED on January 5, 2021.

                                       s/ Holly A. Brady
                                       JUDGE HOLLY A. BRADY
                                       UNITED STATES DISTRICT COURT